No. 23-1713

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

JERRY LEE KING,
*Plaintiff-Appellant*,

V.

VILLEGAS, *et al.*,
*Defendants-Appellees*.

_____

**On Appeal from the United States District Court
for the Eastern District of California**
No. 1:17-cv-00676-JLT-EPG
The Honorable Jennifer L. Thurston

_____

## PETITION FOR REHEARING EN BANC

_____

ROB BONTA
  *Attorney General of California*
WILLIAM KWONG
  *Acting Senior Assistant Attorney General*
NEAH HUYNH
  *Supervising Deputy Attorney General*
MARTHA EHLENBACH
  *Deputy Attorney General*
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7314
Email: Martha.Ehlenbach@doj.ca.gov
  *Attorneys for Defendants-Appellees Cruz
  and Villegas*

December 18, 2025

## TABLE OF CONTENTS

**Page**

Introduction and Rule 40 Statement ................................................................ 1

Statement of the Case.................................................................................... 3

    I.      The *Heck* Bar and Rule 410 ..................................................... 3

    II.    Procedural History.................................................................... 4

Reasons For Granting Rehearing En Banc ..................................................... 6

    I.      The Panel Decision Departs from Previous Decisions of This Court...................................................................................... 6

    II.    The Panel Decision Creates Substantial Tension with Precedent from Other Circuits................................................. 11

    III.   This Case Presents a Question of Exceptional Importance .... 15

Conclusion ................................................................................................. 18

i

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Arrington v. City of Los Angeles*
No. 16-56755, 2021 WL 4168156 (9th Cir. Sept. 14, 2021) ........................ 8

*Ballard v. Burton*
444 F.3d 391 (5th Cir. 2006) ..................................................................... 14

*Beets v. Cnty. of Los Angeles*
669 F.3d 1038 (9th Cir. 2012) ................................................................... 15

*Brewer v. City of Napa*
210 F.3d 1093 (9th Cir. 2000) ................................................................... 11

*Briseno v. City of W. Covina*
No. 22-55100, 2023 WL 2400833 (9th Cir. Mar. 8, 2023) ......................... 8

*Burrell v. United States*
384 F.3d 22 (2d Cir. 2004) ........................................................................ 15

*Fetters v. Cnty. of L.A.*
243 Cal. App. 4th 825 (2016) ...................................................................... 9

*Havens v. Johnson*
783 F.3d 776 (10th Cir. 2015) ................................................................... 14

*Heck v. Humphrey*
512 U.S. 477 (1994) ............................................................................. *passim*

*Lemos v. Cnty. of Sonoma*
40 F.4th 1002 (9th Cir. 2022) (en banc) ......................................... 9, 10, 15

*North Carolina v. Alford*
400 U.S. 25 (1970) ......................................................................... 7, 14, 15

*Olsen v. Correiro*
189 F.3d 52 (1st Cir. 1999) .................................................................. 12, 13

ii

# TABLE OF AUTHORITIES
## (continued)

**Page**

*People v. West*
 3 Cal.3d 595 (1970) ...............................................................4, 7, 9

*Reese v. Cnty. of Sacramento*
 888 F.3d 1030 (9th Cir. 2018) ....................................................16

*Rose v. Uniroyal Goodrich Tire Co.*
 219 F.3d 1216 (10th Cir. 2000) ..................................................13

*Sanders v. City of Pittsburg*
 14 F.4th 968 (9th Cir. 2021) ................................................7, 8, 15

*Sharif v. Picone*
 740 F.3d 263 (3d Cir. 2014) .......................................................13

*Smithart v. Towery*
 79 F.3d 951 (9th Cir. 1996) .......................................................7, 8

*Szajer v. City of Los Angeles*
 632 F.3d 607 (9th Cir. 2011) ........................................................7

*United States v. Adedoyin*
 369 F.3d 337 (3d Cir. 2004) .......................................................14

*United States v. Anderson*
 625 F.3d 1219 (9th Cir. 2010) (per curiam) ................................4

*United States v. Drapeau*
 73 F. Supp. 3d 1086 (D.S.D. 2014) ...........................................15

*United States v. Nguyen*
 465 F.3d 1128 (9th Cir. 2006) ..............................................*passim*

*Walker v. Schaeffer*
 854 F.2d 138 (6th Cir. 1988) .................................................11, 12

*Washington v. Los Angeles Cnty. Sheriff's Dep't*
 833 F.3d 1048 (9th Cir. 2016) ...........................................1, 2, 10

iii

## TABLE OF AUTHORITIES
### (continued)

**Page**

STATUTES

42 United States Code
  § 1983.................................................................................*passim*

California Penal Code
  § 69........................................................................................4, 5
  § 148..........................................................................................8
  § 1016.....................................................................................4, 9

COURT RULES

Federal Rules of Appellate Procedure
  40.........................................................................................1, 15

Federal Rules of Evidence
  410.............................................................................*passim*
  609............................................................................................11

iv

**INTRODUCTION AND RULE 40 STATEMENT**

By way of a no-contest plea, Plaintiff-Appellant King was convicted of obstructing or resisting an officer with force or violence.  In the § 1983 action below, however, King sued the same officers over the same incident, claiming he never resisted and the officers used excessive force "without provocation."  The district court dismissed King's action under the favorable-termination rule (*Heck v. Humphrey*, 512 U.S. 477 (1994)) because it was an impermissible collateral attack on his criminal conviction.  In a divided opinion, the panel majority determined that the district court violated Federal Rule of Evidence 410 by considering King's no-contest plea and the factual basis for it when applying the *Heck* bar.

The panel's conclusion is incorrect and conflicts with prior decisions of this court and out-of-circuit precedent.  The panel majority found that Rule 410 applied here because evidence from King's criminal case was considered for *Heck* purposes and, in the majority's view, to demonstrate that King was guilty of the acts to which he pleaded no contest.  But guilt is irrelevant to the *Heck* analysis: courts consider the criminal conviction and underlying evidence to determine whether the civil suit would call into question the validity of the *conviction*, not to determine "the underlying merits of the case."  *See Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016).  *Heck* dismissals "reflect a matter of 'judicial traffic control' and prevent civil actions from

1

collaterally attacking existing criminal judgments," *id.*, so issues of guilt do not factor into the analysis.

That is how this Court previously harmonized *Heck* with Rule 410's limitation on no-contest evidence. As Judge Callahan's dissent noted, this Court had "consistently applied the *Heck* bar to collateral attacks on criminal convictions following no contest pleas," since such convictions generally have the same legal consequences as guilty plea convictions. Opn. 22-24. The panel opinion is in substantial tension with this longstanding practice.

The majority opinion also departs from other circuits' views of the admissibility of no-contest pleas in similar circumstances. While other circuits have determined that Rule 410 bars evidence of no-contest plea convictions when used to demonstrate a party's guilt, the analysis differs when the evidence is used to show the *fact* of a criminal conviction. Because *Heck* turns on the existence of a valid conviction and the underlying facts, out-of-circuit authority suggests that Rule 410 does not bar considering no-contest pleas for that limited purpose.

The opportunity to resolve these conflicts, by itself, supports en banc review. But this case also involves questions of exceptional importance. The *Heck* bar prevents parallel litigation over the same incident in different forums that can produce inconsistent judgments, undermining judicial interests in finality and consistency. 512 U.S. at 484-85. The panel opinion undercuts those important

2

comity interests and may fuel more litigation. Under the new rule, a criminal defendant can plead no contest to violently resisting arrest, sue the arresting officers for excessive force on the theory that he never resisted, and obtain a civil judgment that contradicts the criminal judgment. That is the outcome that *Heck* sought to prevent.

This Court should grant rehearing en banc.

## STATEMENT OF THE CASE

### I.    THE *HECK* BAR AND RULE 410

In *Heck*, the Supreme Court considered whether a plaintiff may challenge the constitutionality of their criminal conviction in a § 1983 damages action. 512 U.S. at 478-87. The Court held that when a judgment for the plaintiff in a civil suit would "necessarily imply the invalidity of [the] conviction or sentence," the suit must be dismissed unless the plaintiff can show their criminal conviction was overturned or otherwise invalidated. *Id*. at 487. The "*Heck* bar" reflects the deep-rooted principle that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id*. at 486.

Federal Rule of Evidence 410 limits the use of no-contest pleas against a defendant in subsequent cases. The rule provides that in a civil or criminal case, evidence of a nolo contendere (no-contest) plea "is not admissible against the defendant who made the plea." Fed. R. Evid. 410(a). It thus "prohibits the

3

admission of nolo contendere pleas and the convictions resulting from them as proof that the pleader actually committed the underlying crimes charged." *United States v. Nguyen*, 465 F.3d 1128, 1131 (9th Cir. 2006).

## II.  PROCEDURAL HISTORY

In the § 1983 suit below, King alleged that two California state correctional officers used excessive force against him on August 17, 2016.  2-ER-24-30.  He alleged that the defendant officers used such force "without any provocation" and despite no resistance from him.  *See* 2-ER-26-28.

King pleaded no contest in state court to violating Penal Code § 69—resisting an officer by threats or violence—for the same incident.  2-ER-118-24, 160-63. Although King's no-contest plea was a "*West*" plea pursuant to *People v. West*, 3 Cal.3d 595 (1970), where he did not explicitly admit factual guilt, California law treats the plea "the same as a plea of guilty."  The "legal effect of such a plea . . . [is] the same as that of a plea of guilty for all purposes."  Cal. Penal Code § 1016; *see United States v. Anderson*, 625 F.3d 1219, 1220 (9th Cir. 2010) (per curiam) (California treats no-contest pleas as "functional[ly] equivalent" to guilty pleas). King stipulated to a factual basis for the plea "based on the probable cause statement and reports in discovery."  2-ER-160-63, 172-77.  The probable cause statement recounted that King "battered a Peace Officer by punching the Officer

with his fists and injuring another officer while trying to subdue King's attack." 2-ER-124.

The civil defendants contended that King's excessive-force claim was *Heck*-barred because it was inconsistent with his felony conviction. 2-ER-107-58. The district court agreed after judicially noticing records showing the conviction and its factual basis. 1-ER-2-19; 2-ER-219. In the court's view, King's civil allegations were "fundamentally inconsistent with the no contest plea." 1-ER-18. King's success in the civil suit "would necessarily undermine the validity of the factual material considered by the criminal court in accepting his no contest plea to violating Cal. Penal Code § 69." *Id*.

A divided panel of this Court reversed, holding that in a § 1983 case where *Heck* is raised, no-contest pleas are inadmissible under Federal Rule of Evidence 410. Opn. 12. The majority reasoned that in applying *Heck*, the district court "considered King's conviction as evidence that he was guilty of the acts to which he pleaded no contest." *Id*. at 18. Citing *Nguyen*, the majority concluded that Rule 410 precludes courts from considering conviction evidence for that purpose because no-contest pleas do not admit guilt. *Id*. at 14-19. The majority did not decide whether *Heck* otherwise barred King's civil suit. *Id*. at 11.

Judge Callahan dissented. Opn. 20-33. She explained that *Heck* is meant to avoid "parallel litigation over the issues of probable cause and guilt" that could

5

result in conflicting judgments. *Id*. at 21. She observed this Court previously "ha[d] consistently applied the *Heck* bar to collateral attacks on criminal convictions following no contest pleas." *Id*. at 22. Addressing Rule 410, Judge Callahan explained that courts need not "admit" no-contest pleas when applying *Heck* because the plea is distinct from the conviction and the underlying evidence. *Id*. at 27-29. And unlike in *Nguyen*, the critical question for *Heck* purposes is whether the criminal conviction is inconsistent with the civil allegations, not whether the civil plaintiff committed the charged crime. *Id*. at 30-31. Judge Callahan would have determined that King's civil suit is *Heck*-barred because his allegations implicate the validity of his criminal conviction. *Id*. at 24-26. Judge Callahan warned that the majority's rule would lead to an "absurd result" by "subject[ing] state officials to a broad swath of civil cases that as a matter of fact imply the invalidity of the plaintiffs' underlying convictions." *Id*. at 28, 32. She called for en banc review. *Id*. at 33.

## REASONS FOR GRANTING REHEARING EN BANC

### I. THE PANEL DECISION DEPARTS FROM PREVIOUS DECISIONS OF THIS COURT

The panel majority's decision is in substantial tension with this Court's consistent practice of applying the *Heck* bar to civil lawsuits that contradict criminal convictions obtained under no-contest pleas. Opn. 22-23 (Callahan, J., dissenting). The majority based its reasoning on the flawed premise that the *Heck*

6

analysis involves considering the criminal conviction as proof of guilt, in violation of Rule 410. But, as the dissent noted, *Heck* is not concerned with guilt. *See id*. at 30-32.

1. For over twenty-five years preceding the panel majority's opinion, this Court applied *Heck* to bar collateral attacks on criminal convictions reached by no-contest pleas. *See* Opn. 22-24 (Callahan, J., dissenting). For example, in *Sanders v. City of Pittsburg*, 14 F.4th 968 (9th Cir. 2021), the plaintiff claimed officers used excessive force by deploying a police dog to subdue him during an arrest. While his civil suit was pending, he pleaded no contest to resisting arrest. *Id*. at 970. This Court held that the civil suit was *Heck*-barred because it implied that the officers acted unlawfully during the incidents forming the factual basis for the conviction. *Id*.

Similarly, *Szajer v. City of Los Angeles*, 632 F.3d 607 (9th Cir. 2011) and *Smithart v. Towery*, 79 F.3d 951 (9th Cir. 1996) addressed *Heck* in the context of no-contest plea convictions. In *Szajer*, this Court held the plaintiffs' civil suit challenging the legality of a search was barred because it called into question the validity of their no-contest plea convictions for felony gun possession. 632 F.3d at 609-12. And this Court concluded in *Smithart* that the plaintiff's *Alford* plea[1] to

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 36 (1970). The majority seemingly treated *Alford* pleas as interchangeable with *West* or no-contest pleas because in

(continued…)

7

assault barred his civil suit insofar as he alleged the criminal charges were unfounded and probable cause was lacking. 79 F.3d at 952-53.

These published opinions assumed that no-contest pleas could be considered for *Heck* purposes and did not squarely address Rule 410. *See* Opn. 11-12. But unpublished opinions from this Court persuasively explain why Rule 410 does not apply here. In *Arrington v. City of Los Angeles*, No. 16-56755, 2021 WL 4168156, at *1 (9th Cir. Sept. 14, 2021), this Court determined that Rule 410 did not bar the district court from considering the civil plaintiff's criminal conviction reached through a no-contest plea because when applying *Heck*, the conviction "was not admitted 'against' [the plaintiff] as an evidentiary admission." And in *Briseno v. City of W. Covina*, No. 22-55100, 2023 WL 2400833, at *1 (9th Cir. Mar. 8, 2023), this Court explained that *Heck* precluded the plaintiff who pleaded no contest to resisting an officer "from bringing an excessive force claim 'predicated on allegedly unlawful actions by the officer *at the same time* as the plaintiff's conduct that resulted in his § 148(a)(1) conviction.'" *Id*. (quoting *Sanders*, 14 F.4th at 971).

These cases show that *Heck* does not discriminate between convictions resulting from no-contest pleas, guilty pleas, or jury verdicts. The core inquiry is

---

each case, the plea "is not an admission to any particular facts." Opn. 22 (Callahan, J. dissenting); *see* Opn. 14-15.

8

the same: "applying *Heck* requires looking at the factual basis for a conviction, regardless of whether that conviction is based on a jury verdict or a guilty plea." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1008 (9th Cir. 2022) (en banc). Indeed, California law views King's *West* plea the same as a guilty plea and subjects it to the *Heck* analysis. *See* Cal. Penal Code § 1016 (a no-contest plea "shall be the same as that of a plea of guilty for all purposes"); *Fetters v. Cnty. of L.A.*, 243 Cal. App. 4th 825, 835-37 (2016) (*Heck* barred the plaintiff's § 1983 claim because a no-contest plea conviction "constitutes a conviction subject to an inquiry under *Heck*.").

2.      The panel majority's reliance on *United States v. Nguyen* is misplaced (Opn. 17-18) because there this Court addressed whether Rule 410 prohibits the use of no-contest pleas to prove the pleader committed the crimes to which he pleaded. 465 F.3d at 1131.

In *Nguyen*, a criminal defendant was under an immigration supervision order prohibiting him from "commit[ting] any crimes." 465 F.3d at 1129-30. He subsequently pleaded no contest to two misdemeanors and was then charged with willful failure to comply with the terms of his supervised release. *Id*. The jury convicted Nguyen based on the prior no-contest convictions, which were admitted at trial. *Id*. Reversing, this Court held that Rule 410 "prohibits the admission of *nolo contendere* pleas and the convictions resulting from them as proof that the

9

pleader actually committed the underlying crimes charged." *Id.* at 1131. That is, the plea and conviction were inadmissible because they were used to prove the defendant *committed* the charged crimes—as required to prove the supervised release violation—not just that he had a conviction. *Id.*

The majority found *Nguyen* analogous here because it believed the district court "considered King's conviction as evidence that he was guilty of the acts to which he pleaded no contest." Opn. 18. Not so. *Heck* is not concerned with guilt or innocence: courts review the criminal record solely to decide whether the civil case amounts to an impermissible collateral attack on the criminal conviction. *Lemos*, 40 F.4th at 1006. Indeed, *Heck* requires a plaintiff seeking damages to "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal" habeas order. 512 U.S. at 486-87. Absent prior invalidation, the plaintiff's claim "is not cognizable under § 1983." *Id.* at 487. This language strongly suggests that *Heck* is a tool for channeling claims to the correct forum, *see Washington*, 833 F.3d at 1056, or determining whether a damages claim is cognizable given the prior conviction. Either way, *Heck* does not implicate Rule 410 because guilt has no bearing on the analysis.

The panel majority's conclusion that King's conviction could not be considered (Opn. 17-18) also misapplies Rule 410 because the rule "obviously

10

does not bar all evidence of convictions" based on no-contest pleas. Opn. 32 (Callahan, J., dissenting). In *Brewer v. City of Napa*, 210 F.3d 1093 (9th Cir. 2000), this Court upheld the admission of a no-contest plea conviction for impeachment purposes under Federal Rule of Evidence 609. This Court reasoned that Rule 410 prohibits evidence of no-contest pleas only "insofar as pleas constitute statements or admissions" of guilt, and Rule 609 does not distinguish between the type of conviction, so there was no basis to bar the evidence. *Id*. at 1096.

*Brewer* and *Nguyen* show that Rule 410 does not bar evidence of no-contest plea convictions when they are considered for reasons other than to suggest criminal culpability. Here, the district court judicially noticed records from King's criminal case to decide the *Heck* issue as a matter of law. *See* Opn. 26-28 (Callahan, J., dissenting) (explaining the limited purpose for which the records were considered). Because King's criminal records were "used to show that King was convicted, not the propriety of the conviction," the panel decision reflects a "fundamental[] misunderstand[ing]" of *Heck*. Opn. 31 (Callahan, J., dissenting).

## II. THE PANEL DECISION CREATES SUBSTANTIAL TENSION WITH PRECEDENT FROM OTHER CIRCUITS

The Sixth and First Circuits have determined that Rule 410 does not bar convictions reached by no-contest pleas for estoppel purposes—a doctrine that, as relevant here, is similar to *Heck*. For example, the Sixth Circuit in *Walker v.*

11

*Schaeffer*, 854 F.2d 138 (6th Cir. 1988), held that Rule 410 did not bar evidence of the plaintiffs' no-contest pleas to disorderly conduct and reckless driving to show they were estopped from seeking damages in a civil action. The Sixth Circuit reasoned that Rule 410 should not be interpreted to preclude considering plea evidence for estoppel purposes when the plaintiffs previously "admitted facts which would indicate no civil liability on the part of the arresting police." *Id*. at 143. The outcome reached by the majority here is inconsistent with that determination. That is because using a conviction to suggest guilt—as this Court prohibited in *Nguyen*—is fundamentally different from using it to show a valid conviction exists—as courts do when applying *Heck* and similar estoppel principles.[2]

The majority's determination that Rule 410 bars considering no-contest pleas for *Heck* purposes is also in tension with the First Circuit's decision in *Olsen v. Correiro*, 189 F.3d 52 (1st Cir. 1999). There, the First Circuit held the plaintiff's manslaughter conviction could be admitted in a § 1983 lawsuit because "[o]nly the nolo plea itself is barred by the relevant language of [Rule 410]." *Id*. at 59. The

---

[2] Although the Sixth Circuit reached the correct outcome, part of its reasoning was incorrect. The Sixth Circuit thought that Rule 410 becomes inapplicable in any proceeding where the relevant criminal defendant is a civil plaintiff. *See Walker*, 854 F.2d at 143. As the panel majority recognized here (Opn. 15-16), that understanding of Rule 410 is inconsistent with the text and history of the rule.

court reasoned that the "evidentiary rules that exclude evidence of nolo pleas do not directly apply to the convictions and sentences that result from such pleas." *Id*. at 58. The court also distinguished between the reason the plea was considered in the civil action—"to demonstrate that [the plaintiff] was imprisoned pursuant to a valid sentence"—and the use of pleas to establish guilt or "prove any element of the underlying crime." *Id*. at 58-59. The court suggested the conviction would be inadmissible in the latter scenario, when it would "in effect be used as an admission," but not in the former. *Id*. at 60-62.

In *Sharif v. Picone*, 740 F.3d 263 (3d Cir. 2014), the Third Circuit likewise doubted the proposition that Rule 410 prohibits the admission of no-contest pleas for *Heck* purposes. In *Sharif*, the Third Circuit determined that evidence of the civil plaintiff's no-contest plea was inadmissible to undermine the plaintiff's credibility at trial on his § 1983 claim. *Id*. at 265-70. Though the court did not decide "whether Rule 410 stands as a bar to the admission of a nolo plea" in the *Heck* context, the court suggested that collateral attacks would likely "not be permitted, presumably, as a matter of fairness, outweighing the dictates of the Federal Rules of Evidence." *Id*. at 269; *cf. Rose v. Uniroyal Goodrich Tire Co*., 219 F.3d 1216, 1218-21 (10th Cir. 2000) (Rule 410 did not bar the plaintiff's no-contest plea conviction when used to explain the defendant's decision to terminate

13

the plaintiff's employment, since a contrary result would "lead the jury to believe that the employee's termination was groundless.").

Without squarely addressing Rule 410, the Fifth and Tenth Circuits have assumed that no-contest pleas are admissible for *Heck* purposes. For example, in *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006), the Fifth Circuit examined the facts underlying a conviction reached by an *Alford* plea to hold that the conviction could support a *Heck* defense. *Id*. at 394-96. The court reasoned that an *Alford* plea is "nothing more than a variation of an ordinary guilty plea" and triggers the ordinary collateral consequences of a conviction. *Id*. at 397. The Tenth Circuit concluded similarly in *Havens v. Johnson*, 783 F.3d 776, 784 (10th Cir. 2015), noting that the "*Heck* doctrine derives from the existence of a valid conviction, not the mechanism by which the conviction was obtained." *Id*. at 784. Analyzing the factual basis for the criminal conviction reached by an *Alford* plea and the civil allegations, the court held the civil action was *Heck*-barred. *Id*. at 778-84.

Finally, out-of-circuit criminal decisions further support the distinction between the impermissible use of no-contest pleas to prove criminal culpability and the permissible use of such pleas to prove a conviction exists. For example, in *United States v. Adedoyin*, 369 F.3d 337, 344 (3d Cir. 2004), the court held that Rule 410 did not bar evidence of no-contest plea convictions "to prove the fact of

14

conviction." In *United States v. Drapeau*, 73 F. Supp. 3d 1086, 1090 (D.S.D. 2014), the court held that Rule 410 did not "debar admission of the fact of conviction based on a no contest plea in a case where the Government must prove a conviction exists as an element of the charged crime." And in *Burrell v. United States*, 384 F.3d 22 (2d Cir. 2004), the court held that despite state law limiting the use of *Alford* or no-contest pleas in subsequent proceedings, such evidence could nonetheless establish "the fact" that a felony conviction existed when the defendant was charged with being a felon in possession of a firearm, since "the conviction cannot be disregarded as if it did not happen." *Id*. at 31. A court considering no-contest pleas for *Heck* purposes would be consistent with this practice.

## III. THIS CASE PRESENTS A QUESTION OF EXCEPTIONAL IMPORTANCE

Whether a *Heck* defense is available in plea cases is a question of exceptional importance. Fed. R. App. P. 40(b)(2)(D). *Heck* reflects the "strong judicial policy against the creation of two conflicting resolutions arising out of a single transaction." *Beets v. Cnty. of Los Angeles*, 669 F.3d 1038, 1048 (9th Cir. 2012), *disapproved of on other grounds by Lemos*, 40 F.4th 1002. That is why convictions reached through no-contest pleas, guilty pleas, and jury verdicts have historically been treated the same for *Heck* purposes. *Sanders*, 14 F.4th at 970; *Lemos*, 40 F.4th at 1008.

15

The panel opinion here, however, "paves the way for criminal defendants to plead nolo contendere to criminal charges and then sue the officers for their actions in apprehending them." Opn. 32 (Callahan, J., dissenting). A party raising *Heck* must address facts underlying the criminal conviction so the court may decide whether the civil suit is an impermissible collateral attack. *See*, *e.g.*, *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1046 (9th Cir. 2018) (civil action was not *Heck*-barred where "nothing in the record" showed the specific factual basis for the plaintiff's prior misdemeanor conviction). Yet the panel majority concluded that Rule 410 bars courts from considering such evidence when applying *Heck*. Since the *Heck* analysis is often fact-intensive, the decision acts as a bar on raising *Heck* in the no-contest plea context. Opn. 31 (Callahan, J., dissenting) (noting that "no state defendant will be able to raise the *Heck* bar" if the criminal record is not admissible).

The opinion will have a significant impact on law enforcement agencies across California. As the dissent noted, "[v]ery few criminal cases actually go to trial, most are resolved at the pleading stage, and many of those are the result of nolo contendere pleas." Opn. 32 (Callahan, J., dissenting). Precluding the *Heck* defense in no-contest plea cases allows criminal defendants to call their conviction into question outside of direct appeal or habeas corpus, inviting the same "parallel

16

litigation over the issues of probable cause and guilt" that *Heck* rejected. *Heck*, 512 U.S. at 484-85.

The majority concluded that its decision is consistent with the purposes underlying *Heck* and Rule 410 because "King's § 1983 suit was plainly not an attempt to engage in" a collateral attack and because applying Rule 410 in this context promotes the efficient "disposition of criminal cases by compromise." Opn. 18-19. That first point is wrong: King's 1983 suit *is* a collateral attack on his criminal conviction, even though he brought the civil suit before the criminal conviction, because his allegations imply that his felony conviction is invalid. King claims the defendant officers used excessive force despite no resistance from him—directly calling into question his conviction for resisting an officer by "punching [the officer] with his fists and injuring another officer." 2-ER-124; *see* 2-ER-24-30, 118-75. It is irrelevant that King had "no conviction to challenge" when he brought the civil action (Opn. 18-19) because nothing in *Heck* or its progeny suggests that the analysis turns on the timing of the civil suit.

The panel majority's concern that allowing the *Heck* defense in these circumstances will influence a criminal defendant's decision to plead no contest lacks support. *Heck* focuses on the existence of a valid conviction, not a party's guilt. Even if a court considers conviction evidence for *Heck* purposes, the criminal defendant still receives the benefit of Rule 410 because the conviction

17

generally cannot be used to attack credibility or establish guilt in a subsequent trial. For example, King's no-contest plea to resisting officers through force or violence means that the officers cannot use the plea in a civil action to prove King assaulted them. That protection incentivizes criminal defendants like King to plead no contest. But here, where King sued the officers for excessive force on a theory that is fundamentally inconsistent with his criminal conviction, *Heck* should bar the suit. To that end, Rule 410 and the *Heck* doctrine can coexist—just like they did for decades before the panel majority's opinion.

## CONCLUSION

The petition for rehearing en banc should be granted.

Dated:  December 18, 2025

Respectfully submitted,

*s/Martha Ehlenbach*

ROB BONTA
  *Attorney General of California*
WILLIAM KWONG
  *Acting Senior Assistant Attorney General*
NEAH HUYNH
  *Supervising Deputy Attorney General*
MARTHA EHLENBACH
  *Deputy Attorney General*

18

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

## Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** 23-1713

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached petition for panel rehearing/petition for rehearing en banc/response to petition is *(select one)*:

[X] Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words:** 4,164.
   *(Petitions and responses must not exceed 4,200 words)*

**OR**

[ ] In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** *s/Martha Ehlenbach*        **Date** December 18, 2025
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 11**                                                                 *Rev. 12/01/24*

# ADDENDUM

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JERRY LEE KING,

*Plaintiff - Appellant,*

v.

R. VILLEGAS; P. CRUZ; J. CURRY,

*Defendants - Appellees.*

No. 23-1713

D.C. No.
1:17-cv-00676-
JLT-EPG

OPINION

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Argued and Submitted November 7, 2024
Submission Vacated November 13, 2024
Resubmitted October 20, 2025
Pasadena, California

Filed October 20, 2025

Before: William A. Fletcher, Consuelo M. Callahan, and
Ana de Alba, Circuit Judges.

Opinion by Judge W. Fletcher;
Dissent by Judge Callahan

## SUMMARY[*]

### Prisoner Civil Rights

The panel reversed the district court's dismissal of a state prisoner's 42 U.S.C. § 1983 suit as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and remanded for further proceedings.

Plaintiff, a prisoner in Kern Valley State Prison, was involved in a physical altercation with two correctional officers. He subsequently filed a 42 U.S.C. § 1983 lawsuit against the officers, alleging they used excessive force in violation of the Eighth Amendment. The state brought criminal charges arising out of the incident, and plaintiff entered a plea of *nolo contendere*.

The panel held in a § 1983 case, where the *Heck* bar is at issue, a plaintiff's *nolo* plea is inadmissible under Fed. R. Evid. 410(a) to show that he committed the charged crime. Treatment of *nolo* pleas under Rule 410 reflects the long-standing recognition that the *nolo* plea constitutes a special creature under the law. Under Rule 410(a), neither the plea nor the statements made during the plea proceedings should have been admitted against plaintiff in this civil case. The panel rejected defendants' arguments in favor of their interpretation of Rule 410(a). Finally, the panel held that its decision was consistent with the purposes underlying both the *Heck* bar and Rule 410(a).

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Judge Callahan dissented because the majority undervalued the *Heck* bar and, by giving Rule 410(a) an incorrect and unprecedented interpretation, eviscerated the *Heck* bar. She rejected the majority's assertion that Rule 410(a) effectively created an exception to the *Heck* bar for collateral challenges to criminal convictions resulting from nolo contendere pleas.

## COUNSEL

Kristin O'Bryan (argued) and Rachel Trauner (argued), Certified Law Students, Ninth Circuit Appellate Advocacy Clinic, Pepperdine, Caruso School of Law, Malibu, California; Curt Cutting and Rebecca G. Powell, Supervising Attorneys, Horvitz & Levy LLP, Burbank, California; for Plaintiff-Appellant.

Sarah M. Brattin (argued) and Martha P. Ehlenbach, Deputy Attorneys General; Neah Huynh, Supervising Deputy Attorney General; Monica N. Anderson, Senior Assistant Attorney General; Rob Bonta, California Attorney General; Office of the California Attorney General, Sacramento, California; for Defendants-Appellees.

## OPINION

W. FLETCHER, Circuit Judge:

Plaintiff-Appellant Jerry Lee King, a prisoner in Kern Valley State Prison ("KVSP"), was involved in a physical altercation with two correctional officers. He subsequently filed a lawsuit under 42 U.S.C. § 1983 against the officers, alleging that they used excessive force against him in violation of the Eighth Amendment. A year later, the state brought criminal charges against King arising out of the same incident. After a two-year delay, King entered a plea of *nolo contendere* to one count of resisting an executive officer under California Penal Code § 69. Based on the plea, the district court dismissed King's complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). We reverse.

## I. Background

On August 17, 2016, there was a physical altercation between King and two KVSP correctional officers, Defendants-Appellees R. Villegas and P. Cruz (collectively, "Defendants"). Because the facts of this incident are disputed, we present two versions of the events as alleged by the respective parties.

We begin with King's version of events. King alleges in his complaint that Villegas and an unidentified officer came to King's housing unit to escort him and about nine other inmates to a different part of the prison. King and the other inmates were "'immediately' placed . . . in restraints (handcuffs) based upon [their] orientation status." As exhibits to his complaint, King attached declarations from newly arrived inmates in KVSP, who had come to the prison at about the same time as King. All of them stated that newly

arrived inmates could not leave their cells without first being handcuffed.

King alleges that Villegas and the other officer escorted King and the others to the mental health department building.  An inmate directly behind King asked King a question, and he responded.  Villegas then approached King and said, "What don't you understand about shut your fucking mouth?"  King responded that "he didn't have to get directly in his [] face and talk to him that way."  Then, "without any provocation," Villegas grabbed King by the shirt and "with great force," "rammed [King]'s head into the wall" with his forearm.  This caused King's "head to bust open as blood began to p[our] down [his] face."

King responded, "what the fuck," and Villegas used his foot to "sweep [King] off his feet[] causing [him] to fall forcefully to the ground[,] . . . simultaneously yelling out code #1 assault on staff."  Defendant P. Cruz responded to the scene, and "while [King] was l[y]ing on the ground," "struck [him] with great force and a close[d] fist in his right eye causing blood to p[our] from the . . . eye."  Cruz also "gr[ound] [King]'s ankles into the [asphalt]."  King alleges that a sergeant on the scene told medical staff to document that King had "refused treatment to sadistically cover-up the extent of [his] injuries."  King was eventually examined by medical staff.

Defendants presented a different version of events in their incident reports.  According to these reports, King was not handcuffed or restrained while being escorted with the other inmates.  They allege that King was "facing the wall outside the Mental Health building" when he "became disruptive by talking loudly while other inmates were trying to check in."  Villegas told King to be quiet.  Then "without

warning or provocation," King "swung his right hand backwards striking [Villegas's] right shoulder area." Villegas yelled at him to stop, but King continued to "twist his body back and forth in attempt to elbow [him]." Villegas pushed King to incapacitate him, causing King's head to strike the wall. Cruz then grabbed King by the shoulder and "forced him to the ground." King landed on the ground in "prone position," and Villegas landed on top of him.

King continued to struggle. Villegas used his hands to keep King on the ground, then announced a "Code 1" staff battery through his radio. Cruz grabbed King's legs to further restrain him. King then stopped moving and complied with orders to put his hands behind his back. Villegas placed King in handcuffs, and Villegas and Cruz continued to restrain King on the ground until other KVSP staff arrived to relieve them.

Afterwards, Villegas, Cruz, and King were examined by medical staff. Another officer took photographs to document the injuries. (No photographs are in the record on appeal.) King was interviewed regarding the incident and placed in administrative segregation. The incident was referred to the Kern County prosecutor.

The remaining facts are not in dispute. After a prison disciplinary hearing, King was found guilty of battery on a peace officer. After exhausting his administrative remedies, King filed a pro se § 1983 suit in the district court on May 17, 2017. He alleged that Villegas and Cruz used excessive force against him in violation of the Eighth Amendment. He sought damages as well as declaratory and injunctive relief.

Just over a year after the incident and several months after King filed his § 1983 suit, the Kern County prosecutor charged King with a felony count of battery by a state

prisoner on a non-confined person under California Penal Code § 4501.5 and one count of obstructing or resisting an executive officer under California Penal Code § 69. These charges arose out of the above-described incident. On July 12, 2019, Defendants successfully moved to stay King's § 1983 action pending resolution of the criminal case against King.

King's criminal case was not brought to trial or otherwise resolved for two years after the criminal charges were brought. He finally entered a *nolo contendere* plea. At the plea hearing, King expressed concern about the impact his plea would have on his long-pending § 1983 suit. He first asked the judge if he could retract his plea if the plea ended up affecting his civil case. The judge told him that "[i]t shouldn't" affect his civil case, but that he did not "have any control over the civil case." King made clear his concern, saying, "I don't want [my plea] to affect my civil case in any way." The judge responded, "I don't do federal law. . . . I have almost no civil experience. I don't know what might or might not affect [your civil case]. I really just can't tell you." Marquez, King's counsel, then interjected: "If I can pipe in. I just indicated to Mr. King, to the best of my knowledge, [that] the People vs. West plea is intended so that it won't impact the civil suit. But, again, I can't make a promise that it wouldn't."

Before King entered his plea, the judge, King's counsel, and the prosecutor had the following exchange:

| THE COURT: | Mr. Marquez, do you feel like you had enough time to talk to Mr. King? |
|---|---|
| MARQUEZ: | Yes. |

8 KING V. VILLEGAS

| | |
|---|---|
| COURT: | And do you believe he understands his constitutional rights? |
| MARQUEZ: | Yes. |
| THE COURT: | Join in his waiver of those rights? |
| MARQUEZ: | Join. |
| THE COURT: | And stipulate to a factual basis based on the probable cause statement and the reports in discovery with the understanding this is a People vs. West and a no contest plea? |
| MARQUEZ: | With that understanding it's a People vs. West plea. |
| [PROSECUTOR]: | So stipulated on that understanding. |

The "reports in discovery" referenced by the court were reports by various prison staff members who witnessed or were otherwise involved with the incident in question, as well as medical reports for King, Villegas, and Cruz.

King then entered a *nolo* plea to one count of obstructing or resisting an executive officer under § 69, and the prosecutor agreed to dismiss the charge for battery under § 4510.5. Soon thereafter, Defendants notified the district court of the resolution of the criminal case and simultaneously moved to dismiss King's suit on the ground that it was now barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants argued that King's claim that they

"attacked him without any provocation, struggle, or resistance" was irreconcilable with his now outstanding conviction for resisting an executive officer under California Penal Code § 69.

After entry of the *nolo* plea in King's criminal case, a magistrate judge in his § 1983 suit recommended denying Defendants' motion for judgment on the pleadings. *King v. Villegas*, No. 1:17-CV-00676, 2022 WL 17039156 (E.D. Cal. Nov. 17, 2022). The judge recommended that the district court find that in entering a *nolo* plea, King did not admit to the facts that were referenced as part of the factual basis found by the criminal court. *Id.* at *8. The magistrate judge relied in part on Federal Rule of Evidence 410(a), which provides that evidence of a *nolo contendere* plea "is not admissible against the defendant who made the plea." Fed. R. Evid. 410(a); *see King*, 2022 WL 17039156, at *7–9.

District Judge Ishii adopted the magistrate court's recommendation in full and denied Defendants' motion for judgment on the pleadings. *King v. Villegas*, No. 1:17-CV-00676, 2023 WL 3095288 (E.D. Cal. Apr. 26, 2023). Judge Ishii then retired, and King's case was reassigned to Judge Thurston. Defendants asked for reconsideration of Judge Ishii's ruling, contending that he had erred in holding that Rule 410 prevented the admission of King's *nolo* plea in his § 1983 suit. In support of their argument, Defendants pointed to our unpublished disposition in *Briseno v. City of West Covina*, No. 22-55100, 2023 WL 2400833 (9th Cir. Mar. 8, 2023), in which we held that *Heck* barred a suit by a plaintiff who had pleaded no contest to resisting a peace officer under California Penal Code § 148(a)(1).

Judge Thurston concluded that reconsideration was warranted and granted Defendants' motion for judgment on the pleadings. *King v. Villegas*, No. 1:17-CV-00676, 2023 WL 4627687 (E.D. Cal. July 19, 2023). Judge Thurston held that the court could consider evidence of King's *nolo* plea because Defendants did not rely on the plea "'against the defendant' within the meaning of Rule 410." *Id.* at *7. She compared the statement of facts in King's complaint to a summary of the incident written by a supervising correctional officer. *Id.* at *9–10. She found that "there [wa]s no possible way these two sets of facts could simultaneously be true" and thus held that *Heck* barred King's excessive force claim. *Id.* at *11.

This appeal followed. After oral argument, we ordered supplemental briefing on the question of whether Federal Rule of Evidence 410(a) precludes admission of a prior *nolo* plea into evidence in a *Heck* suit. We now reverse.

## II. Discussion

We review de novo a district court's judgment on the pleadings. *Parker v. Cnty. of Riverside*, 78 F.4th 1109, 1112 (9th Cir. 2023). At the pleading stage, we consider the facts in the light most favorable to the plaintiff. *Belanus v. Clark*, 796 F.3d 1021, 1024 (9th Cir. 2015).

In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court held that a state prisoner's § 1983 suit for damages cannot proceed if "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*'s "favorable termination" rule is based on the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486 & n.5. Defendants argue that King's suit is barred under *Heck*

because its success would necessarily imply the invalidity of his conviction for resisting an executive officer under California Penal Code § 69.

There are two issues in this appeal: first, in a § 1983 case where the *Heck* bar is at issue, whether a plaintiff's *nolo* plea is inadmissible under Federal Rule of Evidence 410(a) in order to show that the plaintiff committed the underlying crimes charged; second, if the plea is admissible for that purpose, whether King's suit is nevertheless barred by *Heck*. For the reasons that follow, we hold that King's *nolo* plea is inadmissible under Rule 410(a) to show that he committed the charged crime. We do not reach the second issue.

## A

Rule 410(a) provides that "[i]n a civil or criminal case," evidence of a "nolo contendere plea" "is not admissible against the defendant who made the plea." Fed. R. Evid. 410(a). This rule "prohibits the admission of *nolo contendere* pleas and the convictions resulting from them as proof that the pleader actually committed the underlying crimes charged." *United States v. Nguyen*, 465 F.3d 1128, 1131 (9th Cir. 2006).

We have never squarely answered the question of whether the evidentiary bar of Rule 410(a) applies when a defendant in a § 1983 suit seeks to introduce evidence of the plaintiff's *nolo contendere* plea in support of a *Heck* bar. Defendants correctly note that our court has previously applied the *Heck* bar in cases where the relevant criminal conviction was obtained through a plea of *nolo contendere*. *See, e.g.*, *Sanders v. City of Pittsburg*, 14 F.4th 968, 970–73 (9th Cir. 2021); *Szajer v. City of Los Angeles*, 632 F.3d 607, 609–12 (9th Cir. 2011). But crucially, none of these previous decisions considered whether Rule 410 barred the

12                    KING V. VILLEGAS

admission of the *nolo* plea in the first place. "[C]ases are not precedential for propositions not considered, or for matters that are simply assumed." *United States v. Kirilyuk*, 29 F.4th 1128, 1134 (9th Cir. 2022) (internal quotations and citations omitted). Because "we have never squarely addressed" the application of Rule 410(a) to the admission of *nolo* pleas in *Heck* cases, "we are free to address the issue on the merits." *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993).

We now hold that Rule 410(a) bars admission of a *nolo contendere* plea to show that a § 1983 plaintiff committed the crimes to which he pleaded *nolo contendere*. Our holding follows from a straightforward application of the text of the Rule.

Rule 410(a) states, in full:

> **(a) Prohibited Uses.** *In a civil* or criminal *case*, evidence of the following *is not admissible against the defendant* who made the plea or participated in the plea discussions:
> > **(1)** a guilty plea that was later withdrawn;
> > **(2)** *a nolo contendere plea*;
> > **(3)** *a statement made during a proceeding on either of those pleas* under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or
> > **(4)** a statement made during plea discussions with an attorney for the prosecuting authority if the discussions

> did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.

Fed. R. Evid. 410(a) (emphasis added). Rule 410(b) sets out two exceptions, neither of which is applicable here:

> **(b) Exceptions.** The court may admit a statement described in Rule 410(a)(3) or (4):
>   **(1)** in any proceeding in which another statement made during the same plea or plea discussions has been introduced, if in fairness the statements ought to be considered together; or
>   **(2)** in a criminal proceeding for perjury or false statement, if the defendant made the statement under oath, on the record, and with counsel present.

Fed. R. Evid. 410(b).

As described above, King filed a civil action under § 1983 against Defendants alleging unlawful force under the Eighth Amendment. He then entered a *nolo contendere* plea to one count of violating Penal Code § 69. Defendants presented evidence in King's civil case of his *nolo* plea, seeking to preclude his § 1983 claim under *Heck*. In holding King's claim to be *Heck*-barred, the district court compared the facts contained in King's complaint to those contained in one of Defendants' incident reports, reasoning that at his plea hearing King stipulated to a factual basis for his *nolo* plea based on the reports contained in discovery. *See King*, 2023 WL 4627687, at *6–7, 10–11. That is, the district court considered both evidence of "a nolo contendere plea" and "statement[s] made during a proceeding on" that plea "[i]n a

civil case" against "the defendant who made the plea." Such evidence falls squarely within the evidentiary bar of Rule 401(a). We hold that the district court erred in considering such evidence.

This result is consistent with the established understanding of *nolo* pleas. Treatment of *nolo* pleas under Rule 410 reflects the long-standing recognition that the *nolo* plea constitutes "a special creature under the law. It is, first and foremost, not an admission of factual guilt." *Nguyen*, 465 F.3d at 1130; *see also North Carolina v. Alford*, 400 U.S. 25, 36 (1970); Fed. R. Evid. 410 advisory committee's note to proposed rules ("The present rule gives effect to the principal traditional characteristic of the *nolo* plea, i.e., avoiding the admission of guilt which is inherent in pleas of guilty."). This is especially true where, as here, a defendant in California state court couples a *nolo* plea with a plea pursuant to *People v. West*, 3 Cal.3d 595 (Cal. 1970). *See Almanza-Arenas v. Lynch*, 815 F.3d 469, 473 n.3 (9th Cir. 2016) ("A *West* plea is a plea of [guilty or] nolo contendere, not admitting a factual basis for the plea. Such a plea . . . allows a defendant to . . . take advantage of a plea bargain while still asserting his or her innocence." (internal quotation marks and citation omitted)); *In re Alvernaz*, 830 P.2d 747, 752 (Cal. 1992) (explaining that the defendant does not admit a factual basis for the neplea when entering a *West* plea). The district court thus mistakenly treated King's *nolo* plea and statements as an admission as to the truth of the contents of Defendants' reports. *See also Carty v. Nelson*, 426 F.3d 1064, 1068 (9th Cir. 2005) (describing a *nolo* plea as "not admit[ting] the specific details about [the] conduct" underlying the plea). Neither King's plea nor statements during the hearing culminating in his *nolo* plea constituted admissions of the factual basis for the plea.

Under Rule 410(a), neither the plea nor the statements should have been admitted against him in his civil case.

## B

Defendants make several arguments in favor of their interpretation of Rule 410(a), none of which we find persuasive. They first rely on the Sixth Circuit's reading of Rule 410(a) in *Walker v. Schaeffer*, 854 F.2d 138 (6th Cir. 1988). In *Walker*, two individuals pleaded *nolo contendere* to disorderly conduct and reckless driving. They then brought a civil suit against their arresting officers, alleging false arrest and imprisonment. *Id.* at 140–41. The officers argued that the plaintiffs' pleas and corresponding admissions estopped them from claiming that the officers lacked probable cause during the arrest. *Id.* at 141–42.

The Sixth Circuit ruled in favor of the officers, holding that Rule 410(a) did not bar the admission of the *nolo* pleas. The court reasoned that Rule 410(a) prevented "the use of a nolo contendere plea against the pleader in a subsequent civil or criminal action in which he is the *defendant*." *Id.* at 143 (emphasis in original). According to the court, because the pleaders in the civil suit were plaintiffs, their *nolo* pleas were not being used "'against the defendant' within the meaning of [Rule] 410." *Id.*

*Walker*'s interpretation is inconsistent with the text of Rule 410(a). The Rule reads, "In a civil or criminal case, evidence of the following is not admissible *against the defendant who made the plea or participated in the plea discussions . . . .*" Fed. R. Evid. 410(a) (emphasis added). The word "defendant" refers to the person protected by Rule 410—the person who entered the *nolo* plea as a criminal defendant. Of course, a criminal defendant who pleads no contest can later become a plaintiff in a future civil case. But

Rule 410 protects the person—the "defendant"—who entered the nolo plea. The fact that this person is now acting as a civil plaintiff does not remove that protection. We agree with the magistrate judge below that "[t]here is no indication in the text suggesting that Rule 410 does not apply when 'the defendant who made the plea' subsequently files a civil case." *King*, 2022 WL 17039156, at \*9; *see also Norton v. Stille*, No. 1:11-CV-1083, 2014 WL 12279521, at \*2 (W.D. Mich. Apr. 14, 2014).

Our interpretation of Rule 410(a) is confirmed by its history. As first codified in Federal Rule of Criminal Procedure 11, Rule 410(a) was phrased: "[E]vidence of . . . a plea of nolo contendere . . . is not admissible *in any civil or criminal proceeding against the person who made the plea or offer*." Fed. R. Crim. P. 11(e)(6) (1975) (emphasis added). Congress then amended the Federal Rules in 1979, moving the phrase "in any civil or criminal proceeding" to the beginning of the sentence. As explained by the advisory committee: "An ambiguity presently exists because the word 'against' may be read as referring either to the kind of proceeding in which the evidence is offered or the purpose for which it is offered. The change makes it clear that the latter construction is correct." Fed. R. Crim. P. 11 advisory committee's note to 1979 Amendment. That is, after the amendment to the Rule, "the person who made the plea or offer" is protected in "any civil or criminal proceeding."

The advisory committee's note makes clear that Rule 410(a) was amended to avoid precisely the Sixth Circuit's interpretation in *Walker*. Here, King, a plaintiff in a civil case, is "the defendant who made the plea" of *nolo contendere*. Defendants in the civil case sought to introduce evidence of that plea against him. It is clear, particularly after the amendment in 1979, that Rule 410 forbids the

admission of a *nolo* plea "against the defendant who made the plea[.]" That defendant may become a plaintiff in a later civil suit, but he or she remains the person who was the "defendant who made the plea."

C

Defendants next argue that even if Rule 410(a) bars admission of King's *nolo* plea, it does not bar admission of the resulting *conviction* under Penal Code § 69. In *Brewer v. City of Napa*, 210 F.3d 1093 (9th Cir. 2000), we held that evidence of a prior conviction could be admitted for impeachment purposes even when that conviction was derived from a plea of *nolo contendere*. We explained, "Rule 410 by its terms prohibits only evidence of [no contest pleas], insofar as pleas constitute statements or admissions. Rule 609, by contrast, permits admission for impeachment purposes of evidence of *convictions*." *Id.* at 1096 (emphasis in original). We did not specify in *Brewer* the manner in which the conviction had been used for impeachment.

We clarified in *Nguyen* the uses of a *nolo* plea that are, or are not, permitted by Rule 410. As in *Brewer*, we recognized that Rule 410 does not, by its terms, categorically forbid the admission into evidence of a conviction based on a *nolo* plea. Consistent with *Brewer*, a conviction based on a *nolo* plea can be introduced to impeach a statement by the defendant that he or she has never been convicted of a crime. But we made clear in *Nguyen* that Rule 410(a) forbids the admission of a conviction when that conviction is "offered for the purpose of demonstrating that the pleader is guilty of

18 KING V. VILLEGAS

the crime pled to." 465 F.3d at 1131 (quoting *Olsen v. Correiro*, 189 F.3d 52, 60 (1st Cir. 1999)). We wrote:

> Reading the rule to preclude admission of a *nolo contendere* plea but to permit admission of conviction based on that plea produces an illogical result. Rule 410's exclusion of a *nolo contendere* plea would be meaningless if all it took to prove that the defendant committed the crime charged was a certified copy of the inevitable judgment . . . .

*Id.*

In applying the *Heck* bar in the case before us, the district court relied on facts about King's actions alleged in Defendants' incident reports. It reasoned that King admitted to those facts in pleading *nolo contendere* to his conviction under § 69. In other words, the court considered King's conviction as evidence that he was guilty of the acts to which he pleaded no contest. Under our precedent, that is an impermissible use of a conviction arising from a *nolo* plea.

## D

Finally, our decision is consistent with the purposes underlying both the *Heck* bar and Rule 410(a). The Supreme Court's principal concern in *Heck* was that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486. King's § 1983 suit was plainly not an attempt to engage in any such collateral attack. Indeed, at the time of filing, King had no conviction to challenge. The record also reflects that once he was criminally charged under Penal Code § 69, King took

careful steps to resolve his criminal case in a way that would not interfere with the pending civil action.

Barring admission of *nolo* pleas in *Heck* cases promotes the efficient administration of criminal law and the "disposition of criminal cases by compromise," one of the underlying purposes of Rule 410. Fed. R. Evid. 410 advisory committee's note to proposed rules; *see also Olsen*, 189 F.3d at 60 ("A second reason behind Rule 410's exclusion of nolo pleas is a desire to encourage compromise resolution of criminal cases."). The case before us is a prime example: King was willing to accept a plea offer only after reassurances that a plea of *nolo contendere*, pursuant to *People v. West*, would not preclude his civil suit. As Defendants themselves note, "Rule 410 is meant to encourage compromise in criminal cases, which, in turn, lessens the burden on courts, defendants and prosecutors, producing a more efficient criminal justice system." That is precisely what happened here.

## Conclusion

King pleaded no contest to obstructing or resisting an executive officer under Penal Code § 69. The district court below improperly considered his plea in finding his § 1983 suit barred by *Heck*. We reverse the judgment of the district court and remand for further proceedings consistent with our opinion.

**REVERSED and REMANDED.**

20                          KING V. VILLEGAS

CALLAHAN, Circuit Juge, dissenting:

Jerry Lee King ("King") seeks damages from prison officials for an incident in which King was convicted for resisting arrest. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court held "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Remarkably, the majority does not dispute that if King prevails on his claim for damages, it would necessarily imply the invalidity of his conviction. Instead, because King's conviction is the result of a nolo contendere plea, the majority contrives to interpret Federal Rule of Evidence 410(a) as precluding the court from even considering the state court conviction and the state court records that establish the factual basis for the conviction.[1] In doing so, the majority undervalues the *Heck* bar and, by giving Rule 410(a) an incorrect and unprecedented interpretation, eviscerates the *Heck* bar. Accordingly, I dissent.

I

The Supreme Court in setting forth the *Heck* bar traced its origins to the "common law cause of action for malicious prosecution." *Heck*, 512 U.S. at 484. It noted that one "element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal

---

[1] Although the majority couches its holding as precluding consideration of King's nolo contendere plea, it includes the state court records that define the conviction in its definition of plea. *See* Op. at 18.

proceeding in favor of the accused." *Id.* (cleaned up)  "This requirement 'avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [*sic*] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Id.* (quoting 8 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 28:5, p. 24 (1991)).

The Supreme Court further quoted from that treatise that "to permit a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit." *Id.*  The Court noted that it had "long expressed similar concerns for finality and consistency and ha[d] generally declined to expand opportunities for collateral attack," and held that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id.* at 485-86.

The Supreme Court then set forth *Heck* bar, which has remained the law for the last 30 years:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

22 KING V. VILLEGAS

such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87. Thus, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487.

## II

*Heck* applies equally to all collateral attacks on criminal convictions, regardless of whether a given conviction is the result of a jury verdict or a plea by the defendant. As is relevant here we have consistently applied the *Heck* bar to collateral attacks on criminal convictions following no contest pleas.[2] For example, in *Sanders v. City of Pittsburg*, 14 F.4th 968, 972-73 (9th Cir. 2021), we held that the plaintiff's § 1983 claim for excessive force based on a police dog bite was barred because he had pled no contest and been convicted of resisting arrest for the same incident. In *Szajer v. City of Los Angeles*, 632 F.3d 607 (9th Cir. 2011), we held that the Szajers's pleas of no contest to criminal charges barred their civil rights action. Similarly, in *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996), we held that following Smithart's *Alford* plea there was "no question that *Heck* bars Smithart's claims that defendants lacked probable

---

[2] For the purposes of this opinion, the terms "nolo contendere," "no contest," "*West* plea," and "*Alford* plea" are used interchangeably to reference a plea that is not an admission to any particular facts.

cause to arrest him and brought unfounded criminal charges against him."

We have also specifically rejected, albeit in unpublished decisions, the majority's assertion that Rule 410(a) effectively creates an exception to the *Heck* bar for collateral challenges to criminal convictions resulting from nolo contendere pleas. In *Arrington v. City of Los Angeles*, No. 16-6755, 2021 WL 4168156 (9th Cir. Sept. 14, 2021), we held Arrington's claim for false arrest and imprisonment was *Heck* barred based on his conviction of resisting arrest, delaying, or obstructing an officer following his nolo contendere plea. We explained that the nolo contendere plea did not change:

> the *Heck* analysis with regard to the false arrest and false imprisonment claim. *See Smithart*, 79 F.3d at 952. Arrington's conviction was not admitted "against" him as an evidentiary admission. Fed. R. Evid. 410. The *Heck* issue was decided as a matter of law by the district court—properly so, as the legal consequences of the conviction preclude him from having a cognizable section 1983 claim for false arrest and false imprisonment under *Heck*.

*Id*. at *1. Similarly, in *Briseno v. City of West Covina*, No. 22-55100, 2023 WL 2400833 (9th Cir. Mar. 8, 2023), we held that because Briseno had pled no contest to resisting a peace officer, "*Heck* precludes Briseno from bringing an excessive force claim 'predicated on allegedly unlawful actions by the officer *at the same time* as the plaintiff's conduct that resulted in his § 148(a)(1) conviction.'" *Id*. at

*1 (quoting *Sanders,* 14 F.4th at 971). *See also Radwan v. County of Orange*, 519 F. App'x 490, 491 (9th Cir. 2013) (reiterating that *Heck* bars "§ 1983 claims, even where the plaintiff's prior convictions were the result of guilty or no contest pleas"); *Velarde v. Duarte*, 937 F. Supp. 2d 1204, 1218-20 (S.D. Cal. 2013) (plaintiff's *West* plea barred his excessive force claim because the claim would "imply the invalidity of his criminal battery conviction"); *Wetter v. City of Napa*, No. 07-04583, 2008 WL 62274 at *2-3, (N.D. Cal. Jan. 4, 2008) (stating that under California law "a plea of nolo contendere equates to a conviction" and that the purpose of the *Heck* doctrine is "to ensure that valid state criminal convictions and sentences are not, in effect, retroactively contradicted by subsequent federal civil actions . . . applies to any conviction whether by guilty plea or nolo contendere plea").[3]

## III

The majority does not dispute that King's success in his civil action would necessarily imply the invalidity of his conviction—nor could it.

The underlying incident occurred on August 17, 2016, at the Kern Valley State Prison in California. King alleged that Officer Villegas engaged in an unjustified use of force—grabbing a handcuffed King without provocation and ramming his head into the wall. Officer Villegas, on the other hand, alleged a non-handcuffed King, after being told to not be disruptive, without warning or provocation, "swung both arms upwards" and struck Officer Villegas's right

---

[3] Although we are not bound by unpublished Ninth Circuit decisions or district court decisions, this chorus of cases shows how far afield the majority has strayed.

shoulder. Officer Villegas claimed that he only used the force necessary to subdue King, who was resisting arrest. King, Officer Villegas, and another officer all sustained injuries.[4]

After being charged and found guilty of a disciplinary violation of battery on a peace officer, King was also charged with criminal offenses, including interfering with an executive officer under California Penal Code § 69(a).[5] In the interim, King had filed his § 1983 action, but that action was stayed pending resolution of the criminal case. The criminal case was resolved when King pleaded nolo contendere to violating California Penal Code § 69, and the state court convicted him.

In turn, the federal district court concluded that King's § 1983 action was *Heck* barred because "there is no possible way these two sets of facts could simultaneously be true." The district court determined:

> the key events appear to encompass the same
> time and factual context, beginning when the

---

[4] King "received a medical evaluation noting injuries to his face and abrasions to his left elbow and knees." Villegas "received injuries to his head, neck, right knee and left foot as a result of inmate King's action," and the second officer "received injuries to his left hand and right knee as a result of inmate King's actions."

[5] California Penal Code 69(a) reads: "Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law, or who knowingly resists, by the use of force or violence, the officer, in the performance of his or her duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment pursuant to subdivision (h) of Section 1170, or in a county jail not exceeding one year, or by both such fine and imprisonment."

prisoners arrived at the outside of the mental health facility, extending through Officer Villegas' use of force on Plaintiff, and ending at some point after Officer Cruz arrived and used force on Plaintiff. Plaintiff maintains that he was handcuffed and not resisting the entire time. This is fundamentally inconsistent with the no contest plea. If Plaintiff were to succeed on his civil rights claims, it would necessarily undermine the validity of the factual material considered by the criminal court in accepting his no contest plea to violating Cal. Penal Code § 69.

This case concerns a single incident—either King interfered with an executive officer, or the officer used excessive force against King. Under *Heck*, King's acceptance of a conviction bars him from showing the latter.

IV

Because there is no dispute that King's success in his § 1983 action would necessarily imply the invalidity of his conviction, the majority instead interprets Rule 410(a) as precluding any consideration of the state court record. It reasons that the district court "considered King's conviction as evidence that he was guilty of the acts to which he pleaded no contest," and that "[u]nder our precedent, that is an impermissible use of a conviction arising from a nolo plea." Op. at 18. This is wrong for several reasons.

First, whether an action is *Heck*-barred is a question of law that courts resolve by reference to records from the criminal proceeding to "determine which acts formed the basis for the conviction." *Lemos v. County of Sonoma*, 40

F.4th 1002, 1006 (9th Cir. 2022) (en banc).  In performing this analysis, courts properly review the records from the state criminal proceedings, which are judicially noticeable. *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803, n.2 (9th Cir. 2002) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation omitted).  Thus, here, we may—indeed, must—look to the state court record, which includes the probable cause report and the incident reports by prison officials that the parties submitted in support of King's plea.

Second, our case law holds that even when the scope of the prior conviction is unclear and thus raises a factual question (which is not the situation here), it is the court that first considers and reviews the impact of the conviction.  In *Mayfield v. City of Mesa*, 131 F.4th 1100 (9th Cir. 2025), we reversed the district court's application of the *Heck* bar, not because the court erred in considering the state court's criminal record, but because it incorrectly found that Mayfield's civil action would necessarily imply the invalidity of her conviction.  Similarly, in *Lemos*, we held that "a court must look at the record of the criminal case—including the jury instructions—to determine which facts the jury necessarily found," but reversed because the district court erred in its evaluation of the scope of the underlying conviction.  40 F.4th at 1006.  The majority's approach seeks to prohibit a district court from considering the state court record whenever a conviction is based on a nolo contendere plea.

Third, by its terms, Rule 410(a) is inapplicable to our inquiry whether "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." *Lemos,* 40 F.4th at 1005.  The rule only prevents the admission of

"evidence" "against the defendant" of "a nolo contendere plea" or of "statement[s] made" by the defendant during a proceeding on a nolo contendere plea. But here, we look to King's conviction and to the records before the state court that the state court found established a factual basis of his conviction; *See People v. Palmer*, 58 Cal. 4th 110, 118 (Cal. 2013) (describing California state courts' statutory obligation to make such findings). While it is true that King stipulated at his plea hearing and on his waiver form that these records provided a factual basis for his conviction, that fact is irrelevant to the *Heck* analysis. When a criminal defendant enters a nolo contendere plea, that plea—which does not admit to any particular facts—is not the factual basis for the conviction. Rather, the nolo plea requires the judge to determine, before formally accepting the plea, that the records before the court provide a factual basis that the defendant violated the law. While a conviction may be the result of a nolo plea, such a plea never forms the factual basis for the conviction. Thus, for purposes of the *Heck* analysis, there is simply no need to rely on King's stipulation—let alone to "admit" it into "evidence" "against [King]." In sum, the majority's reasoning—that federal courts may not consider judicially noticeable records central to the *Heck* analysis if the defendant has previously stipulated in connection with a nolo contendere plea that those records provide a factual basis for his conviction—is not only contrary to the text of Rule 410(a), but also leads to the absurd result that federal courts will be unable to perform any *Heck* analysis in nolo contendere cases, which are commonplace.

Indeed, under California law, King's conviction was not dependent on King's nolo contendere plea. As asserted, California law requires that before a court can accept a plea,

it must satisfy itself that there is a factual basis for the plea. *See* Cal. Penal Code § 1192.5. In *Palmer*, the California Supreme Court held "[w]hen a trial court takes a conditional plea of guilty or *nolo contendere* (hereafter no contest) to an accusatory pleading charging a felony, under Penal Code section 1192.51 it must 'cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea.'" 58 Cal.4th at 112 (internal citation omitted).

In addition, under California law "the lawfulness of the officer's conduct is an essential element of the offense of resisting, delaying, or obstructing a peace officer." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc); *see also Lemos*, 40 F.4th at 1006. We have noted that in California a conviction for resisting a peace officer has three elements: "(1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties." *Lemos*, 40 F.4th at 1006 (quoting *Yount v. City of Sacramento*, 43 Cal.4th 885, 894 (2008). We explained that "[t]he second element is particularly significant because California courts have held that an officer who uses excessive force is acting unlawfully and therefore is not engaged in the performance of his or her duties." *Id. See In re Manuel G.*, 16 Cal.4th 805, (1997) ("The longstanding rule in California and other jurisdictions is that a defendant cannot be convicted of an offense against a peace officer engaged in the performance of [his or her] duties unless the officer was acting lawfully at the time the offense against the officer was committed.") (cleaned up).

Thus, as this case concerns a single incident, under California law, King's conviction—regardless of the nature of his plea—determined that there was a factual basis for his conviction. That basis included that the officer was engaged in the performance of his duty and thus was not using excessive force. Accordingly, any judgment in favor of King in the civil action "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487.

Fourth, the majority's reliance on *United States v. Nguyen*, 465 F.3d 1128 (9th Cir. 2006) is misplaced. The opinion does appear to interpret Rule 410(a) broadly to apply not only to nolo contendere pleas but to judgments of convictions based on nolo contendere pleas. But its reasoning is specific to the *purpose* for which the judgments of conviction were introduced in that criminal case. In *Nguyen*, the prosecution sought to prove that the criminal defendant had violated the terms of his supervised release by committing new crimes while released. The only evidence the prosecution offered in support of its charge was "certified copies of the two state court judgments of conviction resulting from the pleas of nolo contendere." *Id.* at 1130. A jury convicted the defendant, but we reversed. First, we held that there was insufficient evidence to sustain the conviction because the prosecution was required to prove that the defendant actually committed new crimes, not merely that he had been convicted of new crimes. *Id.* at 1130-31. Second, we held that under Rule 410(a) the state court judgments were inadmissible for the purpose of showing that the defendant "actually committed the underlying crimes charged," reasoning that "Rule 410's exclusion of a nolo contendere plea would be meaningless if all it took to prove that the defendant committed the crime charged was a certified copy of the inevitable judgment of

conviction resulting from the plea." *Id*. at 1131 (citation omitted).

In *Nguyen*, unlike here, it was not relevant that the defendant had been convicted of the crimes to which he pled nolo contendere; the only relevant question was whether he had actually committed the crimes. *Id*. at 1130-31. This case is the inverse of *Nguyen*. It is not critical whether King actually interfered with an executive officer; the key questions are whether he has been convicted of the crime, and, if so, on what factual basis. Accordingly, the state court records of King's conviction are not being used to prove that he actually interfered with an executive officer, but instead to determine his conviction and its factual basis.

The majority fundamentally misunderstands the *Heck* inquiry when it asserts that the state court records are being used to show that King "committed the charged crime." Op. at 11. That is wrong. The state records are used to show that King was convicted, not the propriety of the conviction. Defendants have no need to prove that King actually committed the crime. King had ample opportunity in his state criminal proceeding to challenge the sufficiency of the factual evidence against him but by entering a nolo plea he chose not to do so.[6] Now that his state conviction is final, *Heck* precludes him from seeking civil damages that would imply the invalidity of his state court conviction, furthering

---

[6] The majority's distinction between showing that King was convicted and showing that he "committed the charged crime" obscures the opinion's negation of the *Heck* bar. If the record of the state criminal proceedings is inadmissible, no state defendant will be able to raise the *Heck* bar even when, as here, the civil action will "necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487.

the important comity and finality interests that the *Heck* bar is intended to serve.[7]

## V

Finally, the scope and impact of the majority opinion should not be underestimated.  Very few criminal cases actually go to trial, most are resolved at the pleading stage, and many of those are the result of nolo contendere pleas.  Thus, the majority's strained reading of Rule 410(a) would subject state officials to a broad swath of civil cases that as a matter of fact imply the invalidity of the plaintiffs' underlying convictions and thus should be barred under *Heck*, as is the case here.  Indeed, the majority's approach paves the way for criminal defendants to plead nolo contendere to criminal charges and then sue the officers for their actions in apprehending them.  Imagine a situation similar to that in *Beets v. County of Los Angeles*, 669 F.3d 1038 (9th Cir. 2012), where a person, while resisting arrest, aims a car at a police officer and is shot (but not killed as was the situation in *Beets*).  The majority countenances the

---

[7] The majority suggests that its approach is consistent with the purposes of *Heck* and Rule 410(a) because King was not "attempt[ing]" to collaterally attack his conviction (even though that is what he is doing), and because King purportedly saved judicial resources by resolving a criminal case with a nolo contendere plea.  The majority simply ignores that the *Heck* bar prohibits civil cases that necessarily imply the invalidity of a state convictions and in doing so it saves judicial resources by precluding duplicative and potentially inconsistent federal actions, like the present.  While one of the purposes of Rule 410(a) is to encourage nolo contendere pleas, it obviously does not bar all evidence of convictions based on nolo contendere pleas, *see e.g., Brewer v. City of Napa*, 210 F.3d 1093 (9th Cir. 2000).  There is no evidence whatsoever that the drafters of Rule 410(a) intended it to permit subsequent civil actions that are otherwise *Heck*-barred.

person pleading nolo to resisting arrest and assaulting an officer and then suing the officer for using excessive force.

The majority's opinion is wrong and should be overturned, if not by our court sitting en banc then by the Supreme Court. I respectfully dissent.